Roderic WALLACE and Becky
I. Wallace, Appellants–
Defendants,

v.

BROWN COUNTY AREA PLAN COM-
MISSION and Area Board of Zoning
Appeals, Appellees–Plaintiffs,

Roderic WALLACE and Becky I.
Wallace, Appellants–Counter
Claimants,

v.

TOWN OF NASHVILLE, Brown County,
Indiana and William Daughtery, President, Vivian Taggart and John Davis, in their Official Capacity, Brown County Area Plan Commission and Area Board of Zoning Appeals, Appellees, Counter Defendants.

No. 07A05–9609–CV–383.

Court of Appeals of Indiana.

Jan. 14, 1998.

Deborah K. Smith, Martin & Smith, Thorntown, for Appellants–Defendants.

Cynthia A. Boll, Jones, Patterson, Boll & Tucker, Columbus, for Appellees–Plaintiffs Brown County Area Plan Commission and Area Board of Zoning Appeals.

Alan Whitted, Columbus, for Appellee, Counter Defendant Town of Nashville.

RUCKER, Judge.

The Brown County Area Plan Commission and Board of Zoning Appeals filed a complaint for injunctive relief against Roderic and Becky I. Wallace seeking the removal of a neon sign from the window of the Wallaces' Nashville restaurant. The trial court thereafter granted summary judgment in favor of the Town of Nashville and denied the Wallaces' motion for summary judgment. The Wallaces now appeal claiming the ordinance prohibiting neon signs amounts to an unconstitutional restriction of commercial speech. We disagree and therefore affirm.

The Wallaces are the owners and operators of Nonna's Trattoria, a restaurant located on Main Street in downtown Nashville. At some point the Wallaces installed a neon "OPEN" sign in the front window of their restaurant. Thereafter the Brown County Area Plan Commission and the Brown County Area Board of Zoning Appeals (collectively referred to as the Plan Commission) filed a complaint for injunctive relief alleging that the Wallaces violated a Town of Nashville ordinance prohibiting the use of neon signs. Specifically the ordinance provides that in certain business districts "[n]eon, internally illuminated, edge lighted, revolving and flashing signs, and other action signs are expressly prohibited." R. at 55. The Wallaces filed a counter claim against the Plan Commission and the Town of Nashville (Town) arguing the prohibition of neon signs violated their right to commercial free speech and was therefore unconstitutional under the First and Fourteenth Amendments to the United States Constitution. Thereafter both sides filed motions for summary judgment. After reviewing the submissions of the parties the trial court granted summary judgment in favor of the Town and denied the Wallaces'

motion for summary judgment. This appeal followed.

When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *USA Life One Ins. Co. v. Nuckolls,* 682 N.E.2d 534, 537 (Ind.1997). We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding their weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Blake v. Calumet Constr. Corp.,* 674 N.E.2d 167, 169 (Ind. 1996). All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Tibbs v. Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 249 (Ind.1996).

The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 561, 100 S.Ct. 2343, 2349, 65 L.Ed.2d 341 (1980). However, the Constitution affords a lesser protection to commercial speech than to other constitutionally guaranteed expressions.[1] *United States v. Edge Broad. Co.,* 509 U.S. 418, 425–27, 113 S.Ct. 2696, 2703, 125 L.Ed.2d 345 (1993); *L.E. Servs. v. State Lottery Comm'n,* 646 N.E.2d 334, 348 (Ind.Ct.App.1995), *trans. denied.* The protection available for a particular commercial expression turns on the nature both of the expression and of the governmental interests served by its regulation. *Central Hudson,* 447 U.S. at 563, 100 S.Ct. at 2350. In *Central Hudson* the U.S. Supreme Court set forth the following four-part test for determining the validity of government restrictions of commercial speech:

(1) The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial government interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective.

*Central Hudson,* 447 U.S. at 566, 100 S.Ct. at 2351; *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 507, 101 S.Ct. 2882, 2892, 69 L.Ed.2d 800 (1981).

The parties agree the Wallaces' neon sign neither concerns unlawful activity nor is misleading and thus the first prong of the test has been satisfied. Town alleges and the Wallaces concede the ordinance seeks to implement a substantial government interest, namely those of Town safety and aesthetics. Thus the second prong of the test also has been satisfied. The dispute between the parties arises over the questions of whether the ordinance directly advances the interests of safety and aesthetics, and whether the ordinance reaches further than necessary to accomplish those objectives. Concerning safety and aesthetics the Wallaces complain that the Town submitted no evidence to show that the neon sign creates a distraction to pedestrians and motorists or that the Town's aesthetic image is harmed by the sign. Thus, the argument continues, a genuine issue of material fact exists on these points and the trial court erred in granting summary judgment in the Town's favor.

The law is clear that a municipality may exercise its police power to conserve or promote the health, safety or welfare of the community. *Ace Rent–A–Car, Inc. v. Indianapolis Airport Authority,* 612 N.E.2d 1104, 1108 (Ind.Ct.App.1993); *trans. denied; Chico Corp. v. Delaware–Muncie Bd. of Zoning Appeals,* 466 N.E.2d 472, 476 (Ind.Ct.App. 1984) *trans. denied; see also* 62 C.J.S. *Municipal Corporations* § 128 (1949) (police power of a municipal corporation is broad and extends to all public needs; the police

1. Commercial speech is entitled to limited protection, commensurate with its subordinate position in the scale of First Amendment values. *Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 456, 98 S.Ct. 1912, 1918, 56 L.Ed.2d 444 (1978). "The greater objectivity and hardiness of commercial speech, may make it less necessary to tolerate inaccurate statements for fear of silencing the speaker." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council,* 425 U.S. 748, 771 n. 24, 96 S.Ct. 1817, 1830 n. 24, 48 L.Ed.2d 346 (1976).

power must be responsive, in the interest of the community welfare, to the changing conditions and developing needs of growing communities). Exercising its police power the Town Board passed the subject ordinance prefacing it with the following statement of purpose:

The welfare of Nashville is inextricably tied to its unique scenic and architectural characteristics. In order to protect these characteristics and to insure the safety of pedestrian and vehicular traffic, it is necessary to establish public regulations of signs, billboards, and posters in the town. Therefore, it is the intent of this ordinance to:

1. Control the prominence of signs in as fair and impartial a way as possible.

2. Prohibit signs which cause confusion for or block or impair the vision of pedestrians or vehicular traffic on roads, or the intersections of streets and roadways.

3. Limit signs to only those districts in which they are permitted by this ordinance.

4. Insure that all signs have approval from the Office of the Brown County Area Plan Commission.

R. at 52. In *Joseph v. LaPorte County,* 651 N.E.2d 1180 (Ind.Ct.App.1995) on appeal from a grant of summary judgment in favor of the County, there was a challenge to the County Board's adoption of an ordinance setting speed limits and load restrictions for a roadway. In the preamble to the ordinance the Board asserted concerns of public safety and welfare. Although there was no other evidence presented to support the assertions in that summary judgment action we observed "[t]o require more than the preamble's statement of concerns and competing interests would bind government entities to memorialize in exhausting detail the reasons for every decision they render." *Id.* at 1184. The same reasoning is applicable here. The record shows the sign ordinance has been in force for over twenty five years. Although the Town Board has amended the ordinance from time to time, it has consistently cited the unique scenic and architectural characteristics of the town and concerns for public safety as the reason for enacting the ordinance. Under the authority of *Joseph* nothing more is required.

■ As for the ordinance's overreaching, the Wallaces complain the Town's complete prohibition of neon lighting is not the least restrictive means of accomplishing the goals sought to be served by the sign ordinance. However the least restrictive means is not the appropriate focus. Rather what is required is a "fit" between the restriction and the government interest that is not necessarily perfect, but reasonable. *Board of Trustees of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 480, 109 S.Ct. 3028, 3035, 106 L.Ed.2d 388 (1989). Such a fit need not employ the least restrictive means but rather a means narrowly tailored to achieve the desired objective. *Id.* In this case the Town asserts that because Nashville covers a geographically small area, it would be neither prudent nor effective to limit neon signs to a particular area. Further, claims the Town, there is no certain type of neon light which would be less distracting or inconsistent with the Town's aesthetic image. In finding that the ordinance in question was narrowly tailored, the trial court noted that "[o]ther reasonable alternatives are open to the Wallaces, such as ground lighted signs which would not contrast with the aesthetic aspects of the community the ordinance seeks to preserve." R. at 708. We agree and accordingly find that the Town's ban of neon signs is no more extensive than necessary to further the Town's interests in safety and aesthetics.

■ Local ordinances enacted pursuant to a proper delegation of police power stand on the same footing as acts of the Legislature. *City of Indianapolis v. Clint's Wrecker,* 440 N.E.2d 737 (Ind.Ct.App.1982). Like statutes, ordinances are presumptively constitutional until clearly proven otherwise. *Id.* The burden of overcoming the presumption is on the challenger, and all doubts are to be construed against the challenger. *Id.* In this case the Wallaces have failed to carry their burden.

Judgment affirmed.

BARTEAU and STATON, JJ., concur.