

**FILED**

Jan 20 2016, 6:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Gregory F. Zoeller
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

James W. Brauer
Katz & Korin, P.C.
Indianapolis, Indiana

Frank R. Recker
Frank R. Recker & Associates
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Professional Licensing Agency and Indiana State Board of Dentistry, <br><br> *Appellant-Respondents,* <br><br> v. <br><br> Irfan A. Atcha, D.D.S., <br><br> *Appellee-Petitioner* | January 20, 2016 <br><br> Court of Appeals Case No. 49A02-1504-MI-197 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Gary L. Miller <br><br> Trial Court Cause No. 49D03-1312-MI-44739 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Dr. Atcha, a Dyer dentist, began an extensive advertising campaign marketing his expertise in modern implant and sedation techniques. Among other claims, he touted that his procedures are "too advanced for most dentists, oral surgeons, and periodontists." He also promoted himself as the "only licensed and certified advanced trained dentist to perform the IV sedation and dental care on his patients." Undoubtedly to encourage potential clients to receive dental implants from him, he used pictures to show that dentures combined with dental adhesives are poisonous.

[2] After a number of complaints from fellow dentists, the Indiana Professional Licensing Agency and the Indiana State Board of Dentistry found when advertising his practice Dr. Atcha made false and misleading claims of (1) dental specialty and (2) better materials or superior services. He also was found to have violated regulations compelling him to disclose every dentist within his practice in his advertisements. Upon his appeal to the Marion Superior Court, the court found all three dental advertising regulations unconstitutional. We reverse in part and affirm in part.

[3] Although protected by the First Amendment, commercial speech receives less protection than other forms of expression. In particular, the State retains the authority to prohibit or restrict false and misleading commercial speech. Here, the State properly restricted Atcha's false and misleading claims implying he had a particular dental specialty and could provide better materials or superior

service than other dentists. However, we conclude that the State may not compel a dentist to list on his advertisements every dentist in his practice. Finding no reasonable relationship between compelling the disclosure of all associated dentists and preventing deception, we agree with the trial court that the regulation does not satisfy First Amendment protections for commercial speech. Therefore, we affirm the trial court in part and reverse in part.

# Facts and Procedural History

[4]     Dr. Irfan Atcha has held a license to practice dentistry in Illinois since 1996. He obtained a dentistry license for Indiana in 2006, purchased an existing practice, and began practicing dentistry in Dyer, Indiana. Shortly after taking over the practice in Dyer, Dr. Atcha began an extensive advertising campaign that included radio, television, billboards, phone books, newspapers, direct mailing, social magazines, and online media.

[5]     The gist of Dr. Atcha's voluminous advertising is that he uses modern implant and sedation techniques, which might be particularly helpful to consumers who need prosthetic teeth. However, some of his advertising claims went beyond that simple message. Dr. Atcha implied that he is able to perform implant procedures that are "too advanced for most dentists, oral surgeons and periodontists[.]" Appellant's App. p. 189. He claimed his cosmetic dentures "consistently fool other dentists[.]" *Id.* at 186. Dr. Atcha implied that there is a lack of accountability and responsibility in corporate dental implant centers. *Id.* at 189. He claimed that oral surgeons, periodontists, and prosthodontists

"make you feel like they're experts in dental implants, but they can do more harm than good." *Id.* at 255. In the same advertisement, Dr. Atcha claimed that "[t]he specialist only worries about what he needs to do and has no knowledge or understanding about the restorative end (tooth placement) of the procedure, so the restorative dentist's hands are tied." *Id.* He claimed that "general dentists typically have little or no knowledge of the sedation process." *Id.* at 191. Dr. Atcha advertised that he is the "only licensed and certified advanced trained dentist to perform the IV sedation and the dental care on his patients." *Id.* Finally, under the heading "NO ONE should die with their teeth in a glass!" Dr. Atcha used pictures to indicate that dentures combined with denture adhesives are poison. *Id.* at 252.

[6] Dr. Atcha's advertisements drew complaints from other dentists and, as a result, the State filed a complaint with the Indiana State Board of Dentistry containing four counts:

> Count I: Respondent violated Ind. Code § 25-1-9-4(a)(3) in that Respondent has knowingly violated 828 IAC 1-l-l4(a) and (b) in that Respondent has failed to list all dentists in his practice on his advertisements.
>
> Count II: Respondent violated Ind. Code § 25-1-9-4(a)(3) in that Respondent has knowingly violated 828 IAC l-l-18(k) in that Respondent has used words that express or imply specialization in implant dentistry, that do not state the services are being provided by a general dentist, and are false or misleading.
>
> Count III: Respondent violated Ind. Code § 25-1-9-4(a)(3) in that Respondent has knowingly violated 828 IAC 1-1-18(m) in that

Respondent has advertised superior services, better materials, or more skillful care available in his office in a deceptive manner.

Count IV: Respondent violated Ind. Code § 25-1-9-4(a)(3) in that Respondent has knowingly violated 828 IAC 1-1-18(n) in that Respondent has advertised guarantees or warranties that are deceptive and utilized testimonials or endorsements in a misleading manner.

[7] Dr. Atcha and the State reached a settlement agreement and presented it to the Board on February 1, 2013. But the Board rejected the proposed settlement after a hearing.

[8] Thereafter, the Board held another hearing on October 4, 2013, and issued its findings of fact, ultimate findings of fact, conclusions of law, and order on November 15, 2013. The Board ultimately found that Dr. Atcha knowingly violated three regulations: 1) 828 IAC 1-1-14(a) and (b) in that he failed to list all dentists in his practice on his advertisements; 2) 828 IAC 1-1-18(k) in that he used words that express or imply specialization in implant dentistry, that do not state the services are being provided by a general dentist, and are false or misleading; 3) 828 IAC 1-1-18(m) in that he has advertised superior services, better materials, or more skillful care available in his office in a deceptive manner, and that Section 18(m) would not have been violated if the advertisements were not in fact deceptive.

[9] The regulations that the Board found Dr. Atcha violated read, in pertinent part, as follows:

1) 828 IAC 1-1-14:

> (a) Any advertisement for dental treatment shall include the names of the licensed dentists associated with such treatment or treatment facility or employed by the treatment facility or another dentist.

> (b) Advertisements listed in telephone directories, or other such advertisements which are listed once a year, must include the names of the licensed dentists associated with the treatment or treatment facility or employed by the treatment facility or another dentist as of the date the contract is made to run the advertisement.

2) 828 IAC 1-1-18(k):

A dentist who is not considered a specialist by this section and who wishes to announce the services available in his or her practice may announce the availability of those services so long as he or she avoids any communications that express or imply specialization. The dentist shall also state that the services are being provided by a general dentist. No dentist shall announce available services in any way that would be false or misleading in any material respect.

3) 828 IAC 1-1-18(m):

An advertisement indicating that superior services, better materials, or more skillful care are available in a particular office or by a group of practitioners may be deceptive.

[10] Dr. Atcha was subject to disciplinary sanctions for the three regulatory violations pursuant to Indiana Code section 25-1-9-4(a)(3). The Board ordered, among other things, Atcha's license placed on indefinite probation and a $3000 fine ($1000 per violation).

Dr. Atcha appealed to the trial court, contending, among other allegations, that the Board's Order violated his right to free speech guaranteed under the United States and Indiana Constitutions. The trial court reached only the First Amendment question. It found that the regulations violated Dr. Atcha's First Amendment rights and reversed the Board's Order. The State now appeals.

## Discussion and Decision

The legislature has granted courts limited power to review the action of state government agencies taken pursuant to the Administrative Orders and Procedures Act ("AOPA"). *See Ind. Educ. Employment Relations Bd. v. Nettle Creek Classroom Teachers Ass'n*, 26 N.E.3d 47, 53 (Ind. Ct. App. 2015); *State Bd. of Registration for Prof'l Eng'rs v. Eberenz*, 723 N.E.2d 422, 430 (Ind. 2000). Under the AOPA, a court may only set aside an agency action that is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) contrary to constitutional right, power, privilege, or immunity;
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (4) without observance of procedure required by law; or
> (5) unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d).

Appellate courts stand in the same position as the trial court when reviewing an administrative agency's decision. *Amoco Oil Co. v. Comm'r of Labor*, 726 N.E.2d 869, 872 (Ind. Ct. App. 2000). In reviewing an administrative agency's

decision, this Court analyzes the record as a whole to determine whether the administrative findings are supported by substantial evidence. *Whirlpool Corp. v. Vanderburgh Cnty.-City of Evansville Human Relations Comm'n*, 875 N.E.2d 751, 759 (Ind. Ct. App. 2007). This Court may not substitute its judgment on factual matters for that of the agency, and we are bound by the agency's findings of fact if the findings are supported by substantial evidence. *Id.* Moreover, we review the record in the light most favorable to the administrative proceedings and are prohibited from reweighing the evidence or judging the credibility of witnesses. *Amoco*, 726 N.E.2d at 873. However, no such deference is accorded an agency's conclusions of law, as the law is the province of the judiciary. *Id.*

[14] The State raises three issues on appeal: (1) whether Dr. Atcha's advertisements were false or misleading and, therefore, not entitled to First Amendment protection; (2) whether the regulations restricting advertisement of dental specialties and superior materials or services are constitutional restrictions on speech; and (3) whether the regulation requiring dentists to include the names of all dentists associated with their practice in every advertisement is constitutional compelled speech.

[15] At the outset, the First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation. *Wallace v. Brown Cnty. Area Plan Comm'n*, 689 N.E.2d 491, 493 (Ind. Ct. App. 1998). The protection for commercial speech is based on the informational function of advertising. *See Va. State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 765 (1976). In a

predominantly free-enterprise economy, resources are allocated through numerous private economic decisions. *Id.* "It is a matter of public interest that those decisions, in the aggregate, be intelligent and well informed. To this end, the free flow of commercial information is indispensable." *Id.*

However, the Constitution "affords a lesser protection to commercial speech than to other constitutionally guaranteed expression." *United States v. Edge Broad. Co.*, 509 U.S. 418, 426 (1993). Moreover, regulations that compel disclosures in advertising receive less protection than regulations that restrict or prohibit commercial speech. *See Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 249-50 (2010). Here, the Board found that Dr. Atcha violated 828 IAC 1-1-18(k) and (m), regulations which primarily restrict speech, and 828 IAC 1-1-14, which compels speech. We divide our analysis into two categories—regulations restricting the content of advertising and regulations compelling disclosure in advertising.

# I. Restrictions on Dentists' Advertising

Both parties agree that the appropriate test for whether restrictions on commercial speech comport with the First Amendment is the test outlined in *Central Hudson Gas & Electric Corp. v. Public Service Comm'n of New York*, 447 U.S. 557 (1980). *Central Hudson* sets forth a four-part test that begins by assessing whether the expression being restricted is entitled to First Amendment protection. *Id.* 566. If the expression is entitled to protection, the regulation of

that expression must be narrowly tailored to directly advance a substantial government interest. *Id.*

> At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

[18] *Id*. If the statements are false and misleading, the remainder of the four-part analysis of the *Central Hudson* test need not be completed. This is because only truthful advertising related to lawful activities is entitled to First Amendment protection. *In re R.M.J.*, 455 U.S. 191, 203 (1982).

[19] The State first argues that Dr. Atcha's advertising is false and misleading and, therefore, not entitled to any constitutional protection. Alternatively, the State contends that regulations 828 IAC 1-1-18(k) and (m) meet the standards set out in *Central Hudson*, and that Dr. Atcha's advertisements violate the regulations. Dr. Atcha, in addition to denying that his advertising is false or misleading, contends that the two regulations violate the First Amendment by failing the remaining four-part *Central Hudson* test. Additionally, Dr. Atcha argues that the regulations are vague and overbroad. We will address Section 18(k) and Section 18(m) separately, beginning by applying the *Central Hudson* standard to

each regulation as written, then to the facts of this case, and, finally, examining Dr. Atcha's overbreadth and vagueness challenges.

### *False or Misleading Claims of Specialty*

[20] We first apply the *Central Hudson* standard to Section 18(k), which provides in part that "No dentist shall announce available services in any way that would be false or misleading in any material respect." We read the plain text of the regulation as prohibiting only those advertisements which announce services in a way that is materially false or misleading.

[21] Because we read Section 18(k) to prohibit only false or misleading statements, the regulation affects only expression that does not have First Amendment protection. States retain the ability to prohibit misleading advertising entirely. *In re R.M.J.*, 455 U.S. at 203. "[T]here can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity." *Central Hudson*, 447 U.S. at 563. Because false and misleading statements are not entitled to First Amendment protection, we need not analyze the remaining prongs of the *Central Hudson* test. The regulation is constitutionally permissible as written.

[22] Turning to the application of Section 18(k) to Dr. Atcha's advertisements, the State argues that there is substantial evidence that Dr. Atcha announced his services in a way that was false or misleading. We agree.

[23] The record contains examples from Dr. Atcha's advertisements that claim other dentists are not competent to perform the services that the State licenses them to

perform. Dr. Atcha claimed that "general dentists typically have little or no knowledge of the sedation process." Appellant's App. p. 191. But the State issues sedation permits to general dentists—indicating that general dentists do, in fact, have sufficient knowledge of the sedation process. *Id.* at 22. Dr. Atcha claimed that oral surgeons, periodontists, and prosthodontists may "do more harm than good"; that specialists have "no knowledge or understanding about the restorative end (tooth placement) of the [implant] procedure"; and that certain implant procedures are "too advanced for most dentists, oral surgeons and periodontists." *Id.* at 255, 189. Again, the tasks described by Dr. Atcha are tasks that dentists are licensed by the State to perform. Moreover, oral surgeons, prosthodontists, and periodontists are required to obtain advanced certifications from institutions accredited by the American Dental Association. It is misleading to suggest that other general dentists and dental specialists are incapable of competently performing an implant procedure.

[24] Dr. Atcha argues that the State may not rely on the naked assertion that claims of specialty are inherently misleading. However, Dr. Atcha did not merely assert his own expertise; he announced his services in conjunction with the implication that other dentists, who hold the same license he holds and provide the same services he provides, are not competent. General claims that duly licensed professionals, in a well-regulated profession, are incompetent to perform the very procedures for which the State licenses them are, at least,

misleading.[1]  Therefore, we conclude that there is substantial evidence to support the Board finding that Dr. Atcha violated Section 18(k) by falsely or misleadingly announced his available services.[2]

[25]    Dr. Atcha responds that Section 18(k) is overbroad and vague.  Again, because the regulation prohibits only commercial speech that is false or misleading, it implicates no constitutionally protected conduct.  His overbreadth challenge fails.  *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982).

[26]    Turning to Dr. Atcha's vagueness challenge, in general, there are two independent causes to invalidate a statute for vagueness: (1) the statute does not provide notice enabling ordinary people to understand the conduct that it prohibits; and (2) the statute potentially authorizes or encourages arbitrary or discriminatory enforcement.  *Tiplick v. State*, No. 49S04-1505-CR-2872, 2015 WL 5837690, at *2 (Ind. Oct. 7, 2015).  To determine whether a regulation is vague, the Court begins by examining the facts in the current case because "a plaintiff who engages in some conduct that is clearly proscribed cannot

---

[1] *See Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 652-53 (1985) ("When the possibility of deception is as self-evident as it is in this case, we need not require the State to conduct a survey of the public before it may determine that the advertisement had a tendency to mislead.") (internal quotation omitted).

[2] We need not explore whether claims of expertise or specialty, without more, would have been sufficient to violate the regulation.  Additionally, having already found substantial evidence that Section 18(k) is violated, we do not address the portion of the regulation which compels disclosure that the advertiser is a general dentist.  The Board also found Dr. Atcha violated that provision.  The mandatory disclosure would be subject to the analysis in Part II, *infra*.

complain of the vagueness of the law as applied to the conduct of others." *Id.* Finally, the Court examines facial vagueness by determining whether the law is vague in all of its applications where, as here, the regulation does not implicate constitutionally protected conduct. *Flipside*, 455 U.S. at 494-95.

[27] As applied to Dr. Atcha, Section 18(k) is not impermissibly vague. The ordinary person would understand that advertising claims such as oral surgeons, periodontists, and prosthodontists may "do more harm than good" and that "general dentists typically have little or no knowledge of the sedation process" are false and misleading and therefore violate the regulation.

[28] Finally, to succeed in a claim that the regulation is vague on its face, Dr. Atcha "must demonstrate that the law is impermissibly vague in all of its applications." *Id.* at 497. Proof of vagueness in some applications is insufficient to void the regulation. *Id.* at 495. As we have determined that the regulation is not vague as to Dr. Atcha's advertising, he has not met his burden. His claim of facial vagueness also fails.

### *Claims of Superior Services or Better Materials*

[29] Next, the Board found that Dr. Atcha violated 828 IAC 1-1-18(m). Section 18(m) provides that "[a]n advertisement indicating that superior services, better materials, or more skillful care are available in a particular office or by a group of practitioners may be deceptive." The Board made clear in its Ultimate Findings of Fact that this section "would not have been violated if the advertisements were not in fact deceptive." Appellant's App. p. 26. We

understand the Board's construction of the regulation to be that it bans only advertisements which claim better services, care, or materials in a way that is deceptive. An interpretation of regulations by the administrative agency charged with enforcing those regulations is entitled to great weight. "Indeed, when a court determines that an administrative agency's interpretation is reasonable, it should terminate its analysis[.]" *Indiana Dept. of Environmental Management v. Steel Dynamics, Inc.*, 894 N.E.2d 271, 274 (Ind. Ct. App. 2008). Therefore, we adopt the Board's construction of Section 18(m).

[30] As explained in the analysis of Section 18(k), the State may bar any advertising claim that is deceptive. Such claims have no First Amendment protection, and we need not go further with the *Central Hudson* analysis. *See In re Keller*, 792 N.E.2d 865, 869 (Ind. 2003) ("[T]he advertisements are more likely to deceive the public than inform it and thus are not protected under the First Amendment's commercial speech doctrine"). Section 18(m) is a constitutionally permissible restriction on commercial speech.

[31] In applying the regulation to Dr. Atcha, the Board found his advertisement with pictures suggesting dentures and dental adhesives are poisonous to be deceptive. We agree. The State may prohibit advertising claims that dentures are poisonous where the claim is being made by a dentist for the purpose of selling implants.

[32] Dr. Atcha also claims that Section 18(m) is overbroad and vague. His overbreadth claim fails for the same reasons it failed with respect to Section

18(k) above. Specifically, the Board construed the regulation to reach only deceptive commercial speech, which has no First Amendment protection. Therefore, the claim that the regulation is overbroad fails. *See Flipside*, 455 U.S. at 494-95.

[33] His claim of vagueness also fails. An ordinary person would understand that the picture indicating that dentures and dental adhesives are poison is deceptive. It appears to be intended to persuade people with working dentures to undergo an implant procedure which may not be necessary. As with Section 18(k) above, Dr. Atcha clearly violated the proscriptions of Section 18(m) by claiming better services or materials in a deceptive way.

[34] Finally, addressing whether Section 18(m) is vague on its face, we begin by repeating that it does not implicate constitutionally protected conduct under the Board's construction. Dr. Atcha has not "demonstrate[d] that the law is impermissibly vague in all of its applications." *Id.* at 497. Therefore, his claim of vagueness fails.

[35] In summary, both Sections 18(k) and 18(m) are constitutional restrictions on dental advertising and there is substantial evidence supporting the Board's Ultimate Findings of Fact that Dr. Atcha violated 828 IAC 1-1-18(k) and (m). Therefore, we reverse the trial court's decision with respect to these two regulations.

# II. Compelled Disclosure in Dentists' Advertising

[36] Next, the State argues that the trial court erred by finding that 828 IAC 1-1-14 violates the First Amendment. 828 IAC 1-1-14 compels dental practices to list every dentist in every advertisement. The analysis of compelled commercial speech differs from the analysis of prohibited speech because of the material difference between restricting what can be said and requiring advertisers "to provide somewhat more information than they might otherwise be inclined to present." *Zauderer*, 471 U.S. at 650. Unjustified or unduly burdensome disclosure requirements might offend the First Amendment by chilling protected commercial speech. *Id.* at 651. However, "an advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers." *Id.*

[37] The State relies on *Zauderer* in support of its position that it may compel a dental practice to disclose all of the dentists it employs in every advertisement. In *Zauderer*, however, the issue was a lawyer's advertisement that said "[i]f there is no recovery, no legal fees are owed by our clients." *Id.* at 631. Zauderer's advertisement did not include a compulsory disclosure explaining how the contingency fee would be calculated, or notify consumers that they would still be liable for any costs incurred. *Id.* at 633. "[T]he advertisement would suggest that employing appellant would be a no-lose proposition in that his representation in a losing cause would come entirely free of charge." *Id.* at 652. The Supreme Court found it reasonable to require disclosure of potential liability for costs in contingent-fee advertisements in light of the "self-evident"

potential for deception—very few non-lawyers would be aware of the distinction between fees and costs. *Id.* at 653.

[38] Here, the State asserts that a consumer might call Dr. Atcha's office and expect to make an appointment with Dr. Atcha, but instead be given an appointment with another dentist, who may not have the same credentials as Dr. Atcha. This is distinctly different than the concerns over hidden costs that justified the compulsory disclosures in *Zauderer*. A potential client will learn that he or she has an appointment with a different dentist before any costs are incurred. We do not see a similar, "self-evident" potential for deception in this case.[3]

[39] Without an adequate justification for the compulsory listing of all dentists in advertisements, the State's additional argument that it is not unduly burdensome for Dr. Atcha to list the other dentists in his practice is unavailing. Finding no justification for the compulsory listing of all dentists in the record, we find 828 IAC 1-1-14 unconstitutional.

[40] We, therefore, reverse the trial court's decision with respect to 828 IAC 1-1-18(k) and (m), affirm the trial court's decision with respect to 828 IAC 1-1-14, and remand to the Board for reassessment of the penalty in light of this decision.

---

[3] Likewise, requiring a law firm to list every attorney on every advertisement would be unjustified and unduly burdensome.

Robb, J., and Pyle, J., concur.